SETH W. WELLS & WIFE *v.* ELBRIDGE FAIRBANKS.

A testator devised to his two sons, W. L. C. and C. S. C. his Baker Farm and Morse Lot, " during the term of their natural lives, equally between them, and then to their children lawfully begotten, as follows, to wit: — The one half of said real estate to the child or children of the said W. L. C. or their descendants, if any such there be, and to their heirs and assigns forever, and the other half to the child or children of the said C. S. C. or their descendants, if any such there be, and to their heirs and assigns forever; Provided, however, that in case that either of my said sons, W. L. C. and C. S. C. shall die leaving no child or children or their descendants to take and hold as lawful heirs the portion of said estate herein given to such deceased son, then the same shall go to the child or children lawfully begotten of the other of my last-named sons or their descendants, if any such there be, and to their heirs and assigns forever; but in case of the failure of said estate vesting in the legal descendants of the said W. L. C. and C. S. C. in manner as aforesaid, then, and in such case, I give and devise said real estate to my said daughter H. M. C. as follows, viz.: — to take and hold the one half of said estate upon the death of the first of my said sons, W. and C., and the other half of said estate, upon the death of the other of my said sons, which shall be and remain to her my said daughter H., and to her heirs and assigns forever, provided that she dies leaving lineal heirs of her body; but, in case the said H. M. shall die leaving no child or children or their descendants to take and hold said real estate as lawful heirs, then, and in that case, I give and devise said real estate to my son, T. O. H. C. Jr., and to my daughter F. H. H., equally between them, and to their heirs and assigns forever." *Held,* upon the death of the testator's son, C. S. C., leaving no descendants, — the testator's son W. L. C. then living, but having no descendants, — that the half of the real estate devised to C. S. C. passed to the testator's daughter, H. M. C., so as to constitute her, the same being undivided, a tenant in common with W. L. C. or of his alienee of the same.

THIS was an action of waste, brought under the second section of chapter 204 of the Revised Statutes, by the plaintiffs, Seth W. Wells and wife, in right of the wife, whose maiden name was Henrietta Matilda Carpenter, and claiming that the said Henrietta was a tenant in common with the defendant in the place wasted.

The case was tried before Mr. Justice Brayton, with a jury, at the March term of this court for the county of Kent, 1860, when it appeared, that the title of the said Henrietta, if any, was derived under the will of her father, the late Dr. Thomas O. H. Carpenter. The defendant claimed, that at the time of

the commission of the alleged waste, the said Henrietta, by the true construction of the will of her father, had no such interest in the place claimed to have been wasted as entitled her, under the statute, to maintain this action. The judge who presided at the trial having ruled that she was a tenant in common in the premises with the defendant, and the plaintiffs having recovered a verdict for damages for the waste done by him, the defendant now moved for a new trial, upon the ground of error in law in the above ruling.

The clauses of the will of Dr. Carpenter upon which the title of his daughter turned, and the facts which gave rise to the question, are sufficiently stated in the opinion of the court.

*W. H. Potter*, for the motion.

*James Tillinghast*, against it.

BRAYTON, J. This action was brought under section 2, of chap. 204, of the Revised Statutes, which provides, that " if any joint tenant, tenant in common, or coparcener, shall commit any waste on any estate by him holden in joint tenancy, tenancy in common, or coparcenary, without the consent of the other joint tenants, tenants in common, or coparceners, he shall forfeit double the amount of the waste so done, to be recovered by the other joint tenants, tenants in common, or coparceners, to their own use."

The question made by the motion for a new trial is, whether the plaintiff is within the provisions of the act. She claims to be a tenant in common of the premises with the defendant. It is denied that she has any estate in the premises. Her title, whatever it is, is derived to her under the last will and testament of her father, Thomas O. H. Carpenter, bearing date the 13th day of June, 1839, and duly admitted to probate on the 8th day of October of the same year. The devise is as follows, viz : —

" Fifthly, I give and devise to my said daughter Henrietta Matilda Carpenter, to hold during her minority, or until she shall arrive to the age of twenty-one years, in case she shall not have arrived at that age at the time of my decease, all the residue and remainder of my real estate in the town of Coventry, to wit: my Baker Farm and my Morse Lot, and for par-

ticular description of said real estate, and the boundaries and quantities of the same, reference being had to my deeds and conveyances thereof on record in said Coventry, the same will fully appear.

" Sixthly. I give and devise to my two sons, viz: William L. Carpenter and Christopher S. Carpenter, my said Baker Farm and Morse Lot, to take and hold the same from the time my said daughter Henrietta's term shall expire therein if any she shall have according to the above gift to her, during the term of their natural lives equally between them, and then to their children lawfully begotten, as follows, to wit: the one half of said real estate to the child or children of the said William L. Carpenter or their descendants, if any such there be, and to their heirs and assigns forever, and the other half to the child or children of the said Christopher S. Carpenter or their descendants, if any such there be, and to their heirs and assigns forever. Provided, however, that in case that either of my said sons, William L. Carpenter and Christopher S. Carpenter shall die, leaving no child or children or their descendants to take and hold as lawful heirs the portion of said estate herein given to such deceased son, then the same shall go to the child or children lawfully begotten of the other of my last-named sons, or to their descendants, if any such there be, and to their heirs and assigns forever; but in case of the failure of said estate vesting in the legal descendants of the said William L. Carpenter and Christopher S. Carpenter in manner as aforesaid, then, and in such case, I give and devise said real estate to my said daughter Henrietta Matilda Carpenter as follows, viz.: to take and hold the one half of said estate upon the death of the first of my said sons, William and Christopher, and the other half of said estate upon the death of the other of my said sons, which shall be and remain to her my said daughter Henrietta, and to her heirs and assigns forever, providing that she dies leaving lineal heirs of her body; but in case the said Henrietta Matilda shall die leaving no child or children or their descendants to take and hold said real estate as lawful heirs, then, and in that case, I give and devise said real estate to my son Thomas O. H. Carpenter, Jr., and to my daughter Fanny H. Holden, equally between them, and to their heirs and assigns forever."

It was in evidence on the trial, that the daughter of the testator, Henrietta, the plaintiff, was, at the time of the testator's decease, within the age of twenty-one years ; — that the said Christopher S. Carpenter, named in the devise, died before the commission of the alleged waste, having had one child, but leaving no child living at his death ; and that the said William L. Carpenter, named in said devise, is still living, having had no child. The plaintiffs claim, that under this devise, upon the death of Christopher S. Carpenter, an estate in one undivided half part of the premises, vested in Mrs. Wells, the plaintiff, and that the estate so vested was either an estate in fee-simple, or in fee-tail. The defendant insists, that no estate passed to her, but that the estate given by the devise to the said Christopher S. and William L. was an estate for their joint lives, and that upon the death of the said Christopher, the survivor, William L. Carpenter, succeeded to the whole for his life.

The language of this devise will hardly warrant the view taken by the defendant. The devise is, to William and Christopher, to take and to hold, it is true, " during their natural lives ; " but to hold, not jointly, but " equally between them ; " so that they were to hold several estates, and not to hold jointly. There is no provision that the share of either shall go to the other in any event, but to their children, if there be any ; and that " as follows : one half of said real estate to the child or children of the said William," &c., " and the other half to the child or children of the said Christopher," &c.; showing that the testator contemplated that the sons should hold in moieties for their respective lives, and that upon the death of either, his share should go to his children, if there were any such, and not to the surviving brother. The language of the proviso makes this entirely clear : " that in case either of my sons shall die leaving no child or children or their descendants to take and hold as lawful heirs the portion of said estate herein given to *such deceased son*, then to go to the children of the other, &c., if any such there be." It is here provided that the several estates of each son shall, upon his death, go to his own descendants, if any he have ; and if he have none, than to go, not to the surviving brother, but to the descendants of such survivor, if he

have any, in fee-simple.  But it is still further provided, " that in case of the failure of said estate vesting in the legal descendants of the said William L. and Christopher in manner as aforesaid, then and in that case, I give and devise said real estate to my said daughter Henrietta, as follows: to take and hold one half of said estate *upon the death* of the first of my said sons, and the other half upon the death of the other of my said sons."  The estate of each, if it passed at all to the daughter, was to pass upon the death of such son; — the share of each upon the death of each.  The state of things upon which the estate of either son passed, was, in the contemplation of the testator, to exist at the death of such son.  If he left children or descendants, his share passed to them ; if not, and the surviving son left such children or descendants, then to the descendants of such survivor ; and if there were no descendants of either, then the estate was to pass to the daughter Henrietta, to hold to her and to the heirs of her body.  Upon the death of Christopher without children, his share passed from him ; and there being no children or descendants of the survivor William, the estate failed to vest in the legal descendants of Christopher and William in the manner provided, or in the descendants of either, and must by the terms of the devise pass to the daughter Henrietta, the now plaintiff.  The motion for a new trial must therefore be denied with costs.